UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF JOHN C. SULLIVAN,           Case No. 08-14719

    Plaintiff,                        HON. SEAN F. COX
                                             United States District Judge

v.

FORD MOTOR COMPANY, et al.,

    Defendants.
_____/

OPINION & ORDER ACCEPTING AND ADOPTING IN PART
REPORT & RECOMMENDATION [Doc. No. 37]

This matter is before the Court for consideration of objections filed by Plaintiff the Estate of John C. Sullivan ("the Estate") and by Defendant Ford Motor Company and Ford Motor Company Savings and Stock Investment Plan for Salaried Employees (collectively, "Ford") to the Report and Recommendation ("R&R") filed by Magistrate Judge Michael Hluchaniuk on December 8, 2009 [Doc. No. 37]. In the R&R, Magistrate Judge Hluchaniuk recommends that the Court affirm Ford's administrative decision [Doc. No. 12], grant Defendant MetLife's motion for sanctions against the Estate [Doc. No. 24], and recommends that MetLife and Ford be allowed to deposit the life insurance proceeds and SSIP stock proceeds with the Clerk of the Court and then dismiss Ford and MetLife from this case with prejudice. [*See* Doc. No. 27]. The Court finds that oral argument would not significantly aid the decisional process. *See* E.D. MICH. L.R. 7.1(f)(2). The Court therefore orders that the motion be decided without oral argument.

For the reasons that follow, consistent with Ford's lone objection to the R&R, the Court

1

**REJECTS** the R&R's recommendation that Ford be allowed to deposit the SSIP stock proceeds with the Clerk of the Court and be dismissed with prejudice from this action. The Court **OVERRULES** the remaining objections filed by the Estate, and shall adopt the remainder of the R&R in its entirety.

BACKGROUND

Magistrate Judge Hluchaniuk's December 8, 2009 R&R [*See* Doc. No. 37, pp.3-8] adequately laid out the relevant facts of this case, and will be incorporated by reference herein. Ultimately, the R&R held that the Estate was not a named beneficiary of either the MetLife life insurance proceeds or of the Ford SSIP stock proceeds. *Id*. at 16. As the Estate was not a beneficiary, it was thus precluded from bringing breach of fiduciary duty claims against MetLife and Ford. *Id*. at 19. Even assuming, *aguendo*, that the Estate were a beneficiary as defined by ERISA, the R&R concluded that the Estate would have no valid claim for consequential damages. *Id*. at 19-23. As the Estate was not a beneficiary for purposes of ERISA, the R&R further concluded that the Estate was not entitled to attorney fees as a "prevailing party" under 29 U.S.C. § 1132(g). *Id*. at 23. Finally, the R&R found the Estate's breach of fiduciary duty action against MetLife frivolous, *Id*. at 26, and suggested that the Court order the Estate to pay MetLife $7,312.50 in costs and attorney fees pursuant to 28 U.S.C. § 1927. *Id*. at 27.

As Magistrate Judge Hluchaniuk noted that neither Ford nor MetLife contended that they did not owe benefits - i.e., life insurance proceeds or stock proceeds - to *some* party, the R&R recommended that both MetLife and Ford be allowed to interplead the funds held by those parties by depositing them with the Court:

> The undersigned **RECOMMENDS** that the Court allow MetLife and Ford to
> deposit the life insurance proceeds and SSIP stock proceeds with the Clerk of the

2

> Court, [and] that MetLife and Ford be **DISMISSED** from this case with prejudice. . . .

[Doc. No. 37, p.27 (emphasis in original)].

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

MetLife did not file an objection to the R&R within the required fourteen-day period, and thus, pursuant to FED. R. CIV. P. 72(b), is deemed to have accepted R&R in its entirety. With exception to one minor objection to the requirement that it interplead the SSIP stock funds [*See* Doc. No. 38], discussed in detail below, Ford similarly did not object to the contents of the R&R. The Estate filed its objections to the R&R on December 22, 2010, listing five individual objections to the R&R's recommendations.

ANALYSIS

The Estate raises five objections to Magistrate Judge Hluchaniuk's December 8, 2009 R&R [Doc. No. 37]: 1) that the Estate had standing to bring a claim against Ford as a "beneficiary" under ERISA; 2) that the Estate is the beneficiary of the MetLife proceeds; 3) that the Estate is entitled to attorney fees under ERISA; 4) that counsel for the Estate should not have been sanctioned for bringing an action against MetLife; and 5) that the R&R misapplied *LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248 (2008). Ford's sole objection to the R&R is that, under the terms of the SSIP plan, Ford cannot simply transfer SSIP assets to the Court, but must instead pay them directly to a beneficiary. For the reasons that follow, the Court **ADOPTS**

3

Ford's objection to the R&R, **OVERRULES** all of the Estate's objections, and, with the exception of the requirement that Ford interplead the SSIP funds, **ADOPTS** the R&R [Doc. No. 37] **IN ITS ENTIRETY**.

    I.  <u>The Estate's Objections to the R&R</u>.

The Estate raises five individual objections to Magistrate Judge Hluchaniuk's December 8, 2009 R&R. The Court finds merit in none of these objections.

        A.  The Estate's Standing to Bring a Claim Against Ford Under ERISA.

The Estate first objects to Magistrate Judge Hluchaniuk's determination that the Estate lacked standing to bring an ERISA claim against Ford. [Pl.'s Br., Doc. No. 39, pp.1-3]. The Estate argues as follows:

> The SSIP Plan definitely provides that the Estate of the decedent *could* be a beneficiary under its plan[,] which contradicts the Report and Recommendation which holds that the SSIP Plan did not allow the Estate of the decedent to be designated as a beneficiary of the plan.

*Id*. at 2.

The Estate's argument in its first objection strikes the Court as confused. In arguing that the R&R held the Estate lacked standing, the Estate's brief [Doc. No. 39, p.2] cites to the third footnote in the R&R as evidence supporting its contention. Footnote three in the R&R, however, *explicitly* held that "[t]his is not technically a question of standing as argued by defendants." *Id*. Rather, the R&R "recommend[ed] that the Court conclude that the Estate is *not* a beneficiary." *Id*. (emphasis added). To the extent that the Estate therefore argues that the R&R held the Estate to lack standing under ERISA, the Court overrules that objection as moot.

To the extent that the Estate's first objection was intended to challenge the R&R's determination that the Estate was not a beneficiary of the SSIP proceeds, the Court overrules that

4

objection as well. As the R&R held:

> ERISA provides that a participant or beneficiary may recover or enforce benefits under the terms of a plan, or clarify rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). ERISA defines a beneficiary as "a person designated by a participant, or byt eh terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). As concluded above, Mr. Sullivan never designated the Estate as a beneficiary of his SSIP benefits or his life insurance policy. And, neither plan provides that, where no beneficiary is designated, the default beneficiary is the estate of the decedent. While the estate made a claim for both the life insurance policy proceeds and the SSIP benefits, asserting a claim alone does not turn it into a "beneficiary" as defined by ERISA.

[R&R, Doc. No. 37, p.19]. The Court agrees, and overrules the Estate's objections to the contrary.

B. The Estate as Beneficiary to the MetLife Insurance Proceeds.

The Estate's second objection to Magistrate Judge Hluchaniuk's R&R contests the R&R's holding that the Estate was not a beneficiary to the MetLife Insurance Proceeds. [Pl.'s Br., Doc. No. 39, pp.3-5]. For the reasons discussed *supra*, the Court agrees with the holding of the R&R that the Estate was properly held not to be a beneficiary of the SSIP benefits held by Ford. As the R&R held:

> Mr. Sullivan died on February 16, 2007, without ever submitting any designation of beneficiary form subsequent to the October 11, 1996 form that was rejected by [the policy's prior underwriter before MetLife] John Hancock. Thus, the undersigned agrees with MetLife that no beneficiary form had been accepted by John Hancock at the time of Mr. Sullivan's death and that the rejected beneficiary designations could be used by a court to infer Mr. Sullivan's intent, using equitable principles. Based on the foregoing, there is no doubt that MetLife appropriately decided that the Estate was not the named beneficiary. . . .

[R&R, Doc. No. 37, p.15]. The Court agrees, and overrules the Estate's objections to the contrary.

Further, in the Estate's second objection to the R&R [Doc. No. 37, p.5], the Estate argues

that "[t]here were never any competing interests between any of the beneficiaries as to whom the proper beneficiary of the benefits were: it has always been the Estate." The Estate therefore argues that the R&R's characterization of this action as a candidate for interpleader was improper. *Id.* at 4. This argument misses the point. The R&R explicitly noted that counsel for each of the Plaintiffs in this action "represent all the potential claimants," and that between themselves, "had already formulated a settlement as to the distribution of the funds amongst the claimants." [R&R, Doc. No. 37, p.11]. That a gentleman's agreement may exist between the universe of possible claimants to both the SSIP benefits and the MetLife insurance policy benefits exists, however, does not change the essential character of this action as one involving interpleader principles. The Estate's objections to the contrary lack merit.

### C. The Estate's Entitlement to Attorney Fees Under ERISA.

The Estate's third objection to Magistrate Judge Hluchaniuk's R&R contests the R&R's holding that the Estate was not entitled to attorney fees, as it was not a prevailing party under ERISA. [Pl.'s Br., Doc. No. 39, p5]. As the Estate argues:

> If Plaintiff is correct that the Estate is indeed a beneficiary of the life insurance proceeds. . . then pursuant to the Magistrate's own findings, the Estate would be entitled to attorney fees under ERISA. Therefore, Plaintiff objects to the findings that the Estate is not entitled to attorney fees under ERISA if it is found to be a beneficiary of the same proceeds by this Court.

*Id.* As discussed *supra*, however, this Court agrees with the R&R's holdings that the Estate was not a beneficiary of either the SSIP proceeds or the MetLife insurance policy proceeds. The Court therefore overrules the Estate's objections regarding its entitlement to attorney fees under ERISA.

### D. The Propriety of Sanctions Being Levied Against Counsel for the Estate.

The Estate's fifth objection to Magistrate Judge Hluchaniuk's R&R contests the R&R's holding that Plaintiff's counsel should be sanctioned as a result of bringing an action against MetLife. [Pl.'s Br., Doc. No. 39, pp.5-7]. The Estate argues as follows:

> Although the Magistrate recommends the Estate's counsel unreasonably and vexatiously multiplied the proceedings, the real cause to the vexatious proceedings was Defendant, MetLife, because it failed to file an interpleader action to begin with nor provide any direction to Defendnat, Ford[,] as to how to distribute the SSIP benefits.

*Id.* at 6 (internal citation omitted). Later in their brief, the Estate elaborates upon this argument:

> . . . Defendant, MetLife, had done nothing for a two year period which caused Plaintiff to suffer damages as Ford stock was rapidly being devalued. Had an interpleader action been sought by the Defendant [MetLife] as the Magistrate indicates should have been brought, this claim would have been resolved much sooner than it has been.

*Id.* at 7.

This argument is wholly without merit, and borders on frivolity. As the R&R held:

> With respect to the SSI plan, MetLife asserts that it is clearly not a fiduciary given that it has no administrative responsibilities, exercises no control over the plan assets, and does not provide investment advice. Thus, according to MetLife, it is not a fiduciary with respect to the SSIP plan and could not possibly be held liable for any claim alleging breach of fiduciary duty. The undersigned agrees. All evidence in the record shows that MetLife has nothing to do with the administration of the SSIP plan.

[R&R, Doc. No. 37, pp.24-25]. The Court agrees, and overrules the Estate's objections to the contrary.

E. The R&R's Application of the Supreme Court's Holding in *LaRue*.

The Estate's fifth and final objection to Magistrate Judge Hluchaniuk's R&R contests the R&R's application of the Supreme Court's holding in *LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248 (2008). [Pl.'s Br. Doc. No. 39, pp.7-8]. The Estate argues as follows:

> [U]nder *LaRue*, the U[.]S[.] Supreme Court has determined that participants under an ERISA plan may sue for breach of fiduciary duty under their individual plans. . . . If this Court determines that the Estate is the rightful beneficiary [of the SSIP and MetLife insurance policy proceeds], then under *LaRue*, the Plaintiff would be entitled to delayed damages. . . .

*Id.* at pp.7-8. As discussed *supra*, however, the Court affirms the R&R's holdings that the Estate was not a beneficiary of either the SSIP proceeds or the MetLife insurance policy proceeds. The Court therefore overrules the Estate's fifth and final objection.

   II. <u>Defendant Ford's Sole Objection to the R&R</u>.

Defendant Ford's sole objection to Magistrate Judge Hluchaniuk's R&R contests the R&R's requirement that Ford "deposit the. . . SSIP stock proceeds with the Clerk of the Court" and then be allowed to be dismissed with prejudice from this action. [*See* R&R, Doc. No. 37, p.27]. Ford argues as follows:

> . . . [T]he vast majority of the substance of the Magistrate's Report and Recommendation is correct and proper. Defendants object. . . only insofar as it suggests that Defendants are permitted to deposit the subject SSIP funds into the Court. In fact, though Defendants agree that in the normal course an interpleader action in a similar case would be appropriate, the relevant Plan language does not allow Defendants to transfer Plan assets to the Court. Rather, in the absence of a valid designation of beneficiary form regarding the SSIP benefits, Defendants are constrained to pay the proceeds to the individual or entity identified as the proper beneficiary of the [MetLife] proceeds, only.

[Def.'s Br., Doc. No. 38, p.1]. The Court agrees, and therefore **OVERRULES** the R&R's requirement that Ford deposit the SSIP proceeds with the Clerk of the Court. The Court shares Ford's admiration for Magistrate Judge Hluchaniuk's novel resolution of this difficult matter, but agrees that, given the SSIP Plan's restrictive language, unfortunately such a tidy resolution of the issues underlying this cause of action will not be possible. To be clear, the only part of the R&R which this Court overrules in this Opinion & Order is the narrow holding that Ford be required

to deposit the SSIP proceeds with the Clerk of the Court - other than this caveat, the Court adopts Magistrate Judge Hluchaniuk's December 8, 2009 Report and Recommendation in its entirety.

## CONCLUSION & ORDER

Accordingly, the Court **OVERRULES** Magistrate Judge Michael Hluchaniuk's December 8, 2009 Report and Recommendation [Doc. No. 37] with respect to its recommendation that Defendant Ford be required to deposit the SSIP proceeds with the Clerk of the Court. The Court **ACCEPTS** and **ADOPTS** the remainder of Magistrate Judge Hluchaniuk's December 8, 2009 Report and Recommendation [Doc. No. 37] in its entirety.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 30, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager